1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MANUEL ALVAREZ INZUNZA,<br><br>Defendant. | Case No.:  14-cr-2253-DMS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (2023).  (Defendant's Motion ("Def.'s Mot."), ECF No. 436).  The Government filed an Opposition.  (Government's Opposition ("Opp'n"), ECF No. 441).  Because Defendant does not qualify for a sentence modification under U.S.S.G. § 4C1.1, the Court **DENIES** the Motion.

§ 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  "[§] 3582(c)(2) allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered

by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). However, U.S.S.G. § 1B1.10(b)(2) "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014).

Under Amendment 821, the Sentencing Commission amended the Sentencing Guidelines to include § 4C1.1, which provides an adjustment for "certain zero-point offenders." Specifically, it gives a two-level downward adjustment to zero-point offenders who meet ten criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10)  the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

A defendant must meet all ten criteria to receive a downward adjustment. U.S.S.G. § 4C1.1 ("If the defendant meets all of the following criteria . . ."). Here, Defendant does not meet the tenth criterion, i.e., that he did not receive an adjustment under § 3B1.1. Prior to his sentencing, Defendant, the Government, and Probation all recommended a four-level

increase for his aggravated role as a leader or organizer of criminal activity pursuant to § 3B1.1.  ECF Nos. 424, 426, 428.  The Court accepted these recommendations.  ECF No. 429.  He is therefore not entitled to a sentence reduction.  The Court lacks discretion to reduce Defendant's sentence and **DENIES** the Motion.

      **IT IS SO ORDERED.**

Date:  December 20, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

14-cr-2253-DMS-1